IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00955-WDM-MEH

SARA SMITH,

    Plaintiff,

v.

HCSC-BLOOD CENTER, and
MILLER-KEYSTONE BLOOD CENTER,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO ENFORCE SUBPOENA

**Michael E. Hegarty, United States Magistrate Judge.**

    WHEREAS, this matter has come before the Court on consideration of Defendants HCSC-Blood Center and Miller Keystone Blood Center ("Defendants") Motion to Enforce Subpoena [filed April 27, 2010; docket #1];[1]

    WHEREAS, Defendants have sought the production of raw test data and test profile documentation and information ("Psychological Test Data") from Glenn M. Kaplan, Ph.D. regarding his psychological testing of Plaintiff;

    WHEREAS, the Psychological Test Data sought may contain confidential, proprietary or otherwise protected information;

    WHEREAS, Defendants have moved this Court to order the production of the Psychological Test Data subject to restrictive conditions of non-disclosure;

---

[1] "Plaintiff has no objection to the relief requested in Defendant's Motion." (Docket #5 at 1.)

It is HEREBY ORDERED that:

1. The dissemination of all Psychological Test Data disclosed by Glenn M. Kaplan, Ph.D. during the course of this action to the parties to this action shall be governed by this Protective Order.

2. Definitions

"CONFIDENTIAL" documents, information or things means Psychological Test Data documents, information or things that are raw psychological test data, profile data or other confidential research, development or commercial information.

"Receiving Party" refers to a party to this action which has received documents designated as CONFIDENTIAL from another party to this litigation or from a non-party which produces documents, information or things subject to the provisions of this Order.

3. Psychological Test Data documents, information and things shall be designated as CONFIDENTIAL under this Order and may be used by persons to whom such documents, information or things are disclosed only for purposes of prosecution or defense of this action. Such documents, information and things shall be used for no other purpose unless and until authorized by order of the Court. No person who receives any document, information or thing designated as CONFIDENTIAL shall disclose it to any person not entitled under this Protective Order to receive it.

4. Psychological Test Data documents, information and things designated as CONFIDENTIAL produced to the Receiving Party may be disclosed only to the following persons, who shall be bound by the obligations of confidentiality and nondisclosure provided for in this Order: (i) counsel in this action and such counsel's employees in connection with the litigation of this action; (ii) an employee of a party or its insurer involved in the litigation process; (iii) court

reporters and stenographers engaged to transcribe depositions or proceedings in this action; (iv) the Court and its employees; (v) the author of the CONFIDENTIAL material; (vi) experts or consultants retained by a Receiving Party for assistance in this action, provided that such experts and consultants have executed a Confidentiality Agreement in the form provided in the attached Exhibit 1.

5. In the event that a party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind contain another party's CONFIDENTIAL information, the papers shall be designated as CONFIDENTIAL and shall be treated accordingly.

6. All documents, including attorney notes and abstracts, that contain another party's CONFIDENTIAL information shall be treated as if such documents were also designated as "CONFIDENTIAL."

7. No person shall attend any portion of a deposition at which CONFIDENTIAL information is discussed or used unless the person falls within one of the categories listed in Paragraph 4 and, for individuals required by Paragraph 4 to execute a copy of the Confidentiality Agreement before receiving CONFIDENTIAL information, such Confidentiality Agreement has been executed per Paragraph 4.

8. Promptly after final termination of this action by judgment, settlement or otherwise, all CONFIDENTIAL documents, information and things furnished or produced under the terms of this Protective Order, including all copies thereof and all documents incorporating such information, except all pleadings filed with the Court, all exhibits marked in discovery or at trial, all deposition transcripts and any attorney work-product incorporating such information, shall be destroyed or delivered to the counsel for the party who produced the materials, unless otherwise agreed in writing. The provisions of this Protective Order shall survive the conclusion of this action,

and the above-described pleadings, exhibits and work-product may be retained in confidence under the terms of the Protective Order by outside counsel for the party.

IT IS FURTHER ORDERED, that subject to the confidentiality and non-disclosure provisions set forth in Paragraphs 1-8 above, and within ten (10) days of his receipt of notice of this Order, Glenn M. Kaplan, Ph.D., shall produce to counsel for Defendants all raw test scores, testing data and test profile information relating to the Brief Battery for Improvement-2 that he administered to Plaintiff.

Dated at Denver, Colorado, this 6th day of May, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00955-WDM-MEH

SARA SMITH,

    Plaintiff,

v.

HCSC-BLOOD CENTER, and
MILLER-KEYSTONE BLOOD CENTER,

    Defendants.

**CONFIDENTIALITY AGREEMENT**

By signing this document, I hereby certify that I have read the Protective Order and Production Order entered by the United States District Court for the District of Colorado *Sarah Smith v. HCSC-Blood Center and Miller-Keystone Blood* Center, Misc. No. _____, Civil Action No. 5:09-cv-00220-LS (E.D. Pa.). I understand the Protective Order and agree to abide by its contents. I subject myself to the jurisdiction and venue of the United States District Court for the District of Colorado for the purposes of the enforcement of this Agreement.

 

_____
SIGNATURE

_____
PRINTED NAME

_____
DATE